### IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF NEW YORK

MMS TRADING COMPANY PTY
LTD., d/b/a CONNETIX TILES, an
Australian private company,

        Plaintiff,

   v.

HUTTON TOYS, LLC, a New York
limited liability company, 18th AVENUE TOYS LTD.,
a New York corporation, and YAACOV SCHWARTZ,
an individual,

        Defendants.

Case No.:

**COMPLAINT FOR: (1)
DECLARATORY RELIEF; (2)
TRADE LIBEL; AND (3)
INTENTIONAL
INTERFERENCE**

**Jury Trial Demanded**

Filed:

    Plaintiff MMS Trading Company Pty Ltd., d/b/a Connetix Tiles (hereinafter known as "Plaintiff" or "Connetix") by its undersigned counsel, as and for its Complaint against Defendants, Hutton Toys, LLC, 18th Avenue Toys Ltd., and Yaacov Schwartz, with knowledge as to itself and its own acts, and otherwise upon information and belief, hereby alleges and states as follows:

### INTRODUCTION

    1.    This action arises out of Defendants Hutton Toys, LLC's ("Hutton Toys"), and 18th Avenue Toys Ltd.'s ("18th Ave") efforts to eliminate competition in the crowded and competitive magnetic tile toy market. Connetix, Hutton Toys, and 18th Ave are competitors in the magnetic tile toy market. As part of an anti-competitive scheme which continues to date, despite the obvious functional nature of Hutton Toys' and 18th Ave's magnetic tiles, Hutton Toys and/or 18th Ave illicitly registered a copyright. Additionally, 18th Ave, and/or its principal, Yaacov Schwartz ("Schwartz") also own the complained of Design Patent, the subject of which is essentially the copyrighted material. The copyright registration is invalid as the copyright claims functional

features of the magnetic tiles. Based on this improperly secured copyright registration, Hutton Toys then notified online marketplace Amazon.com of Hutton Toys' purported rights and succeeded in having Connetix's magnetic tile toys product listings taken down. The removal of the Amazon.com listings has resulted in a severe loss of sales and goodwill for Connetix. Hutton Toy's bad faith conduct and efforts in attempting to eliminate its competition industrywide constitute unfair competition and tortious behavior.

**PARTIES TO THE ACTION**

2.      Plaintiff Connetix is an Australian private company with its principal place of business at 2 Linton Rd, Attadale, Western Australia 6156. Connetix is an importer of consumer goods, including the popular magnetic tile toy brand Connetix® TILES.

3.      Upon information and belief, Defendant Hutton Toys is a New York limited liability company having its principal place of business at 1510 56th Street, Brooklyn, New York. Hutton Toys is a competitor of Connetix in the magnetic tile toy market.

4.      Upon information and belief, Defendant 18th Ave is a New York corporation having its principle place of business at 5506 18th Ave, Brooklyn, New York 11204.  18th Avenue is a competitor of Connetix in the magnetic tile toy market.

5.      Upon information and belief, Defendant Schwartz is an individual residing in New York, the Principal of 18th Ave, and the owner of record of United States Design Patent D713,891 (the "'891 Patent")

## JURISDICTION AND VENUE

6.      This action arises under the Copyright laws of the United States 17 U.S.C. Ch. 1 – 13; the Patent Laws of the United States, 35 U.S.C. §§ 101, *et seq*.; the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) and 2202; and New York common law.

7.      This Court has jurisdiction over the parties and the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1338. Pursuant to § 1367, this Court has supplemental jurisdiction over the claims not brought under a federal statute because those claims are related to, and form part of the same case or controversy, as the federal question claims. Complete diversity exists because Plaintiff Connetix is an Australian private company with a principal place of business in Australia, Defendant Hutton Toys is a New York limited liability company with a principal place of business in Kings County, New York, Defendant 18th Ave is a New York corporations with a principal place of business in Kings County, New York, and Defendant Schwartz is an individual residing in Kings County, New York, the principal of 18th Ave, and the owner of record of the '891 Patent. Plaintiff claims the amount in controversy in this case exceeds $75,000.

8.      This Court has personal jurisdiction over Defendants  as Defendants' Hutton Toys and 18th Ave are registered to do business in New York and their principal places of business are in New York.  Additionally, Defendant Schwartz is a citizen of New York residing at 1853 54th Street, Brooklyn, New York.  Moreover, Hutton Toys and 18th Ave market their products in New York, and their products are sold in New York.

9.      Venue is proper under 28 U.S.C. §§ 1391(b).  Defendants market their products in this district, the alleged acts have occurred or are occurring in this district, and Defendants are subject to personal jurisdiction in this district.

3

## FACTUAL BACKGROUND
### The Crowded Market for Magnetic Tile Toys

10.    The market for magnetic tile toys is crowded and competitive. Valtech LLC launched its brand of magnetic tiles, MAGNA-TILES® in 1997, Laltitude, LLC's PICASSOTILES® were first made available for sale in April 2013, Magformers, LLC introduced its brand of magnetic tiles, MAGFORMERS® in 2006 and MagWorld demonstrated its own magnetic building tiles in 2014.  (See the true and accurate copy of the Complaint in the matter of *Laltitude, LLC, v. 18 Avenue Toys, Ltd., and Yaacov Schwartz*, United States District Court, Central District of California, Docket No.: 2:16-cv-06562 attached hereto as Exhibit A.)

11.    Hutton Toys claims a date of first publication for their magnetic tiles as May 1, 2015.

12.    18th Ave claims a date of first publication for their magnetic tiles as of May 1, 2015.

13.    The Connetix® TILES were first introduced in Australia in 2019.

14.    The Connetix® TILES were first made available for sale in the U.S. in May 2019.

15.    Consumers quickly took notice of Connetix® TILES as evidenced by a high volume of sales on Amazon.com.

16.    Industrywide, the designs of the various magnetic tile toys on the market are similar because so many of the core features of the designs are purely functional. For example, the corners are rounded to avoid sharp edges that could injure the target market, children. The interior lattice of the tiles includes pockets to hold magnets that help bind different tiles together. The tiles include rivets to fasten the two halves of the tiles together.

**Hutton Toys' History of Infringement and Bad Faith Conduct**

17.    18th Ave has been named as a defendant in previous infringement actions pertaining to similar magnetic tile toy controversies, including being named defendant in a 2014 suit brought by Valtech, LLC for infringement of Valtech, LLC's decade-old MAGNA-TILES® products. (See Exhibit A and the true and accurate copy of the Complaint in the matter of *Valtech, LLC, v. 18 Avenue Toys, Ltd., and Toys 4 USA, Inc.*, United States District Court, Northern District of Illinois, Docket No.: 1:14-cv-00134 attached hereto as Exhibit B.)

18.    Allegations previously levied against 18th Ave have also included claims of unfair business practices, intentional interference, and trade libel in relation to its' magnetic tile toys.

19.    The validity of Hutton Toys' copyright registration VA-1-998-106 has also been previously challenged.  (See Exhibit A.)

20. Upon information and belief, Hutton Toys and/or 18th Ave regularly file fraudulent infringement complaints to Amazon with the sole intent to hinder competition in the crowded magnetic tile toy space, despite their knowledge that VA-1-998-106 is invalid and not infringed upon.

**Hutton Toys' Anticompetitive Use of D713,891**

21.    On May 27, 2013 (over a decade after Valtech's MAGNA-TILES® entered the market), Schwartz filed an application for a design patent that eventually issued as United States

Patent No.: D713,891 on September 23, 2014. The '891 patent, claims the following designs:



22.     It is well-established that design patent protection is limited to an "original and ornamental design." 35 U.S.C. § 171(a). However, the drawings in the '891 patent, do not include any ornamental designs distinct from the functional features of the magnetic tiles, namely, rounded edges, internal lattice structure, and pockets for magnets. Schwartz was well aware of the crowded nature of the magnetic tile toy market, and was aware that he was not the original creator of the functional aspects claimed in the '891 patent. Despite this awareness, Schwartz persisted in seeking design patent protection with the sole, bad faith intent to stifle competition in the crowded market space.

**Hutton Toys' Anticompetitive Use of VA 1-998-106**

23.     On March 30, 2016, Hutton Toys and/or 18th Ave registered with the United States Copyright Office Registration number VA 1-998-106 for a work entitled "SHAPE MAGS."  The copyright includes the following designs:



24.     Hutton Toys' and/or 18th Ave's copyright registration VA-1-998-106 is invalid as copyright protection is only available for "original works of authorship" (17 U.S.C. § 102) and excludes "useful articles" that do not have "pictorial, graphic, or sculptural features" that "can be identified separately from, and are capable of existing independently of, the utilitarian aspects of the article" (17 U.S.C. § 101).  Copyright registration VA 1-998-106 claims only functional features of the magnetic tiles and is thus invalid.

25.     Upon information and belief, Connetix asserts that Hutton Toys and 18th Ave were well aware of the crowded nature of the magnetic tile toy market, and that they were not the original creator of the functional features claimed in VA 1-998-106, including the rounded corners, internal lattice, pockets for magnets, etc.

26.     Hutton Toys' and/or 18th Ave's copyright registration lists the year of completion for their magnetic tiles as 2014, and the date of first publication of Hutton Toys' and/or 18th Ave's magnetic tiles as May 1, 2015 – both dates are much later than the launch and sale of many other similar magnetic tile toys. Still, Hutton Toys and/or 18th Ave sought copyright protection with the intent to stifle competition, not to protect novel ornamental designs that they had created. (See the true and accurate copy of Hutton Toys' correspondence to Plaintiff, enclosing the copyright registration, attached hereto as Exhibit C.)

27.     On or about November 2, 2019, Hutton Toys sent a copyright complaint to Amazon.com based on alleged infringement of copyright registration VA 1-998-106. Upon information and belief, Connetix alleges that Hutton Toys made these copyright infringement allegations despite the knowledge that it had no enforceable rights in VA-1-998-106 and despite the knowledge that Connetix's magnetic tile products did not infringe on any protectable features of Hutton Toys' products. Connetix further alleges, upon information and belief, that Hutton Toys made these allegations with the intent of depriving Connetix of marketing and sales channels to harm Connetix's place in the market, and thus acted in objective bad faith.

28.     On or about November 2, 2019, without vetting the veracity of the content of copyright registration VA 1-998-106, Amazon removed Connetix product listings "Amazon ASIN B07T629BPJ" and "Amazon ASIN B07R88MB6H."

29.     On November 6, 2019, counsel for Hutton Toys contacted Connetix by email accusing Connetix of infringing copyright registration VA-1-998-106. Hutton Toys demanded that Connetix provide documents relating to the sale and purchase of the alleged "infringing products," gross revenue obtained by the sale of the alleged "infringing products" and documentation regarding inventory of the alleged "infringing product." (See Exhibit C).

30.    Connetix has lost, and continues to lose, considerable sales and goodwill as a result of the removed product listings.  Connetix has received many inquiries from customers regarding the availability of the Connetix® TILES sets that were removed from Amazon.com based on Hutton Toys' bad faith copyright complaints. Additionally, the unsold inventory is a financial loss to Connetix.

31.    Connetix further alleges, upon information and belief, that Hutton Toys intentionally waited until just before the holiday season to initiate a complaint with Amazon in an attempt to enhance the harm to Connetix sales channels and prevent Connetix from availing itself of a particularly lucrative time period in the market, in objective bad faith.

32.    Hutton Toys' anticompetitive use of VA-1-998-106 has also disrupted Connetix's relationship with its distributors and resellers.

33.    Connetix has suffered and continues to suffer irreparable injury due to Defendants' actions for which there is not adequate remedy at law.  The balance of hardships favors Connetix and the public interest would not be disserved by the implementation of an injunction.

## FIRST CAUSE OF ACTION

### (Declaration of Copyright Invalidity)

### (Hutton Toys and 18th Ave)

(17 U.S.C. §§ 101 *et seq*.: 28 U.S.C. §2201)

34.    Connetix re-alleges, re-avers and incorporates by reference, as if fully set forth in this paragraph, the allegations of paragraphs 1 through 33 above.

35.    The VA-1-998-106 copyright registration is invalid under 17 U.S.C. §101, *et seq,* for failure to claim a copyright-eligible original work of authorship and as the VA-1-998-106 copyright registration is directed to a useful article and does not contain any copyrightable

features separable from the utilitarian features of the article.

36.    Therefore, as a result, there is a justiciable controversy between Connetix, Hutton Toys, and 18th Ave as to the validity of the VA-1-998-106 copyright registration, and as to Connetix's right to make, sell, import or use its Connetix® TILES products.

37.    Connetix is entitled to a declaratory judgment pursuant to 28 U.S.C. §2201 that the VA-1-998-106 copyright registration is invalid.

## SECOND CAUSE OF ACTION

### (Declaration of Non-infringement of Copyright)

### (Hutton Toys and 18th Ave)

(17 U.S.C. § 501; 28 U.S.C. § 2201)

38.    Connetix re-alleges, re-avers and incorporates by reference, as if fully set forth in this paragraph, the allegations of paragraphs 1 through 37 above.

39.    Connetix's products do not infringe and have not infringed the VA-1-998-106 copyright registration pursuant to 17 U.S.C. § 501.

40.    By virtue of the foregoing, there is a justiciable controversy between Connetix, Hutton Toys, and 18th Ave as to Connetix's right to make, sell, import, or use its Connetix® TILES products.

41.    Connetix is entitled to a declaratory judgement pursuant to 28 U.S.C. § 2201 that it is not infringing and has not infringed copyright registration VA-1-998-106.

## THIRD CAUSE OF ACTION

### (Trade Libel)

### (Hutton Toys)

42.    Connetix re-alleges, re-avers and incorporates by reference, as if fully set forth in this paragraph, the allegations of paragraphs 1 through 41 above.

43.    Through the copyright takedown requests sent to Amazon, Hutton Toys published untrue statements of fact, including the statements that the Connetix® TILES infringed Hutton Toys' copyright rights, and that Hutton Toys had the right to demand that Amazon remove Connetix's product listings.

44.    Hutton Toys' statements were false in that, among other things, (a) Hutton Toys did not have enforceable copyright rights in VA-1-998-106; and (b) the Connetix ® TILES did not and do not infringe any copyrights in VA-1-998-106.

45.    Hutton Toys' knew its statements were false or were made with reckless disregard for the truth in that Hutton Toys knew that they were not the original authors or creators of the features claimed in VA-1-998-106, as evidenced by the several infringement claims brought against them regarding the very products they herein allege were infringed upon, as well as the mere fact that many similar magnetic tile toys predated Hutton Toys' products and its copyright registration.

46.    Hutton Toys' statements were not mere statements of opinion.

47.    As a direct and proximate result of the wrongful acts and bad faith conduct of Hutton Toys, Connetix has suffered and will continue to suffer general damages, including lost profits in an amount greater than $75,000.

48.    Upon information and belief, Connetix alleges that Hutton Toys has engaged in the

conduct alleged herein with a conscious and intentional disregard of rights of Connetix, and with an intent to harass, injure or annoy, such as to constitute oppression, fraud, or malice, thereby entitling Connetix to punitive damages in an amount appropriate to punish or make an example of Hutton Toys.

## FOURTH CAUSE OF ACTION

**(Intentional Interference with Prospective Economic Advantage)**

**(Hutton Toys)**

49.    Connetix re-alleges and incorporates by reference, as if fully set forth in this paragraph, the allegations of paragraphs 1 through 48.

50.    At all times relevant hereto, Connetix had existing relationships with existing and potential customers, all of which had and have a substantial probability of resulting in economic benefit to Connetix. Hutton Toys was aware of these relationships, and of the probable economic advantage to Connetix.

51.    As alleged above, Hutton Toys engaged in wrongful acts and conduct including, but not limited to, demanding that Amazon take down product listings for Connetix® TILES based on alleged infringement of copyright VA-1-998-106, even though they knew that VA-1-998-106 to be invalid and not infringed upon.

52.    These wrongful acts and conduct of Hutton Toys were intended to interfere, and did interfere, with such relationships, thereby causing Connetix to lose the economic advantages to which it was entitled. It is extremely likely that these relationships would have resulted in significant economic advantage to Connetix had Hutton Toys not improperly interfered with them.

53.    As a direct and proximate result of Hutton Toys' wrongful acts and conduct, Connetix has suffered and will continue to suffer general and special damages, including lost

profits in an amount greater than $75,000.

54.    Upon information and belief, Connetix based thereon, alleges that Hutton Toys has engaged in the conduct alleged herein with a conscious disregard for the rights of Connetix, and with an intent to harass, injure or annoy, such as to constitute oppression, fraud, or malice.

## FIFTH CAUSE OF ACTION

### (Intentional Tortious Interference with Contract)

### (Hutton Toys)

55.    Connetix re-alleges, re-avers and incorporates by reference, as if fully set forth in this paragraph, the allegations of paragraphs 1 through 54 above.

56.    Connetix, at all relevant times, had existing contractual relations with Amazon.com, distributors and resellers, as well as existing and potential customers, all of which had and had substantial probability of resulting in economic benefit to Plaintiff, whereby Connetix would derive economic benefit of selling Connetix® TILES in exchange for payment.  Connetix, at well, at all relevant times, had a reasonable expectancy of profit to be derived as a result of its contractual relations with the distributors and resellers.

57.    At all relevant times, Hutton Toys knew of the contractual relationships existing between Connetix and the distributors and resellers, and Hutton Toys knew of Connetix's reasonable expectation of profit based upon such existing contractual relationships.

58.    Hutton Toys intentionally procured Amazon.com's breach of that contract without justification by demanding that Amazon.com take down Plaintiff's product listings for its Connetix's product, based upon alleged infringement of copyright VA-1-998106 even though it knew copyright VA-1-998106 was neither valid, nor infringed upon.

59.     These intentional acts of Hutton Toys in procuring Amazon.com's breach of its contract with Plaintiff caused Plaintiff to lose economic advantages to which Plaintiff was entitled, and which would have resulted in future economic advantages to Plaintiff had Defendant not intentionally interfered.

60.      Beginning with the takedown request to Amazon based on VA-1-998-106, and continuing to present, Hutton Toys made false and misleading threats of copyright infringement with the intent to interfere with Connetix's contractual relationships with their distributors and resellers. This conduct has interfered, and continues to interfere, with the sales and marketing of the distributors and resellers of Connetix® TILES, thereby causing Connetix serious economic harm.

61.     Hutton Toys, as alleged above, engaged in intentional, wrongful acts and conduct including, but not limited to, demanding that Amazon take down Connetix's product listings for Connetix® TILES based on alleged infringement of copyright registration number VA-1-998-106 despite their knowledge that VA-1-998-106 was invalid and not infringed upon.

62.     As a direct result of Hutton Toys' wrongful acts and conduct, Connetix has suffered and will continue to suffer general and special damages, including lost profits in an amount greater than $75,000.

63.     Upon information and belief, Connetix based thereon, alleges that Hutton Toys has engaged in the conduct alleged herein with a conscious disregard for the rights of Connetix, and with an intent to harass, injure or annoy, such as to constitute oppression, fraud, or malice.

## SIXTH CAUSE OF ACTION

## (Declaration of Design Patent Invalidity and Unenforceability)

## (Schwartz)

### (35 U.S.C. §§ 171 *et seq*.; 28 U.S.C. § 2201 and 2202)

64.    Connetix re-alleges, re-avers and incorporates by reference, as if fully set forth in this paragraph, the allegations of paragraphs 1 through 60 above.

65.    Connetix seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 and 2202 to settle an actual controversy between the parties to the above-entitled proceeding with respect to the validity and unenforceability of United States Design patent D713,891. (A true and accurate copy of the '891 Patent is attached hereto as Exhibit D.)

66.    Upon information and belief, Connetix states that the '891 Patent is invalid and unenforceable under 35 USCS §§ 101, 102, 103, and 112 for one or more of the following reasons:

A.    The '891 patent is invalid under 35 U.S.C. §101 for failure to claim design patent eligible ornamental features as the '891 patent is directed to functional features.

B.    The purported invention claimed in the patent was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, prior to its purported invention by the alleged inventor as illustrated by Hutton Toys' late entry into the field.

C.    The purported invention claimed in the patent was patented or described in a printed publication in this or a foreign country or was in public use or on sale in this country, more than one year prior to the date of the application for a patent in the United States.

D. The purported invention claimed in the patent was described in patents granted on applications for patents by others filed in the United States before the purported invention by the alleged inventor.

E. The alleged inventor did not invent the subject matter sought to be patented.

F. Before the inventor made the alleged invention claimed in the patent, the invention was made in this country by others who have not abandoned, suppressed, or concealed it.

G. The differences between the subject matter sought to patented and the prior art and such that the subject matter sought to be patented as a whole would have been obvious at the time the alleged invention was made to a person having ordinary skill in the art to which the subject matter pertains.

H. The '891 patent is unenforceable as multiple inventions (at least four) are disclosed within the '891 patent as illustrated by Fig. 2, 7, 11 and 16 as follows:



I. By definition, design patents must include only a single claim and a single design/invention. Therefore, the '891 Patent is invalid because the '891 Patent includes more than one design/invention.

67.    In light of the foregoing, there is a justiciable controversy between Connetix and Schwartz as to the validity of the '891 patent, and as to Connetix's right to make, sell, import, or use its Connetix® TILES products.

68.    Connetix is entitled to a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 that the '891 patent is invalid.

**PRAYERS FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1.    For costs of suit incurred herein;

2.    For a declaration that copyright registration VA-1-998-106 is invalid;

3.    For a declaration that United States Design Patent D713,891 is invalid;

4.    For an award representing the disgorgement of the amount of ill-gotten gains through Hutton Toys' unjust business practices;

5.    For money damages to compensate Plaintiff for the harm caused by Hutton Toys' trade libel, including lost profits;

6.    For money damages to compensate Plaintiff for the harm caused by Hutton Toys' intentional interference with contract, including lost profits;

7.    For money damages to compensate Plaintiff for the harm caused by Hutton Toys' intentional interference with prospective economic advantages, including lost profits;

8.    For an Order that Hutton Toys' withdraw any Amazon.com takedown request regarding Plaintiff and/or its product;

9.    A preliminary injunction requiring Hutton Toys to withdraw any Amazon.com takedown request regarding Plaintiff and/or its product and preventing Hutton Toys from conducting any future takedown requests with Amazon.com with respect to Plaintiff;

10.    A permanent injunction requiring Hutton Toys to withdraw any Amazon.com takedown request regarding Plaintiff and/or its product and preventing Hutton Toys from conducting any future takedown requests with Amazon.com with respect to Plaintiff;

11.    A judgment finding that this is an exceptional case and awarding Plaintiff's attorneys' fees pursuant to 35 U.S.C. § 285;

12.    For punitive damages in an amount appropriate to punish or make an example of Defendants; and,

13.    For such other and further relief as the court may deem just, necessary, and proper.

Date:   March 13, 2020
        Purchase, New York

LITTLETON PARK JOYCE UGHETTA & KELLY LLP

/s/ Bruce Ainbinder
Bruce Ainbinder, Esq. (BA8580)
4 Manhattanville Road, Suite 202
Purchase, NY 10577
(914) 417-3400/3404

*Attorneys for Plaintiff MMS Trading Company Pty Ltd., d/b/a Connetix Tiles.*