UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

MMS TRADING COMPANY PTY LTD., *an Australian Company d/b/a Connetix Tiles*,

                      Plaintiff,

v.

HUTTON TOYS, LLC, *a New York limited liability company*,

                      Defendants.

-----------------------------------------------------------------

**MEMORANDUM & ORDER**
20-CV-1360 (MKB)

MARGO K. BRODIE, United States District Judge:

Plaintiff MMS Trading Company Pty Ltd. commenced the above-captioned action against Defendant Hutton Toys LLC, among others,[1] on March 13, 2020, alleging that Defendant fraudulently filed a copyright infringement complaint against Plaintiff on Amazon.com based on an invalid copyright in magnetic tile toys, resulting in the removal of Plaintiff's product from Amazon and a loss of sales and goodwill. (Compl. ¶ 1, Docket Entry No. 1.) On March 6, 2023, the Court granted in part and denied in part the parties' summary judgment motions ("March 2023 Decision"). (Mar. 2023 Decision, Docket Entry No. 75.) On April 5, 2023, Plaintiff filed a letter motion for reconsideration styled as a motion for clarification of the Court's opinion. (Pl.'s Letter Mot. for Clarification ("Pl.'s Mot."), Docket Entry No. 79.) For the reasons set forth below, the Court denies Plaintiff's motion.

---

[1] The Complaint also named 18th Avenue Toys Ltd. and Yaacov Schwartz as defendants, but they are no longer parties to the case. (Stipulation of Dismissal, Docket Entry No. 12.)

I.  **Background**

In the March 2023 Decision, the Court denied Plaintiff's motion for summary judgment on its copyright invalidity claim.  The Court found that Defendant had established a rebuttable presumption that its copyright was valid and original.  (Mar. 2023 Decision 8–11.)  The Court further found that Plaintiff failed to rebut the presumption because although there was a disputed issue of material fact regarding whether the copyright was "purely" functional, the Court did not find that there was a dispute regarding its originality or that the copyright was invalidated because the subject matter was identical to a prior design patent.  (*Id.* at 11–22.)

With respect to Defendant's cross-motion for summary judgment on Plaintiff's copyright invalidity claim, the Court found that Defendant presented evidence of a valid copyright and therefore, the burden of overcoming the presumption of validity shifted to Plaintiff to be rebutted.  (*Id.* at 28–31.)  The Court found that Plaintiff failed to show that the copyright was invalid because Plaintiff did not show that the Defendant failed to disclose material facts to the copyright office or that Defendant misled the copyright office.  (*Id.*)

On April 5, 2023, Plaintiff filed the motion seeking clarification of the Court's decision denying Plaintiff's motion for summary judgment on its copyright invalidity claim, granting Defendant's motion for summary judgment on the same claim and allowing the copyright infringement and noninfringement claims to proceed to trial.  (Pl.'s Mot.)  Specifically, Plaintiff argues that because the Court found that a factual dispute regarding the functionality of Defendant's allegedly infringing work precluded summary judgment in favor of Plaintiff on the copyright invalidity claim, then the Court should have also denied summary judgment to Defendant on the same claim and for the same reason.  (*Id.*)

In opposing Plaintiff's application, Defendant argues that (1) the letter motion is untimely under Local Rule 6.3 and Rule 59 of the Federal Rules of Civil Procedure; (2) Rule 60(a) is inapplicable because the ruling does not contain any "clerical errors;" and (3) Rule 60(b) is inapplicable because the ruling was not a final judgment and because Plaintiff cannot otherwise show that Rule 60(b) applies. (Def.'s Reply in Opp'n to Pl.'s Mot. ("Def.'s Opp'n") 1–3, Docket Entry No. 80.) In addition, Defendant argues that the Court did not err in its analysis. (*Id.*)

## II. Discussion

The Court denies Plaintiff's motion as untimely under the Federal Rules of Civil Procedure and the Local Rules. In addition, the Court denies Plaintiff's motion on the merits.

### a. Plaintiff's motion is procedurally untimely

Plaintiff does not cite any Federal Rule of Civil Procedure as a basis for its letter but simply calls it a motion for clarification. Defendant argues that Plaintiff's motion is untimely because: (1) "[a] motion for relief under Rule 59(e) must be brought within 28-days of the entry of the judgment being challenged," and (2) "under Local Rule 6.3, . . . notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen days after the entry of the court's order resulting in judgment." (*Id.* at 2.) Defendant notes that Plaintiff's letter motion was filed after the deadlines passed and therefore is untimely. (*Id.*) In addition, Defendant argues that Rule 60(a) is inapplicable because the Court's March 2023 Decision does not contain any clerical errors and reflects the Court's intent. (*Id.*)

First, Plaintiff's letter is untimely under Rule 59 and Local Rule 6.3. Under Rule 59(e), "[a] motion to alter or amend a judgment must be filed no later than [twenty-eight] days after the entry of the judgment." Fed. R. Civ. P. 59(e). Under Local Rule 6.3, a notice of motion for reconsideration must be filed within fourteen days after the entry of the order. Plaintiff filed the

3

letter on April 5, 2023, thirty days after the Court's March 6, 2023 ruling. Therefore, Plaintiff's letter motion was untimely under both Rule 59(e) and Local Rule 6.3. *See, e.g.*, *Siino v. City of New York*, No. 14-CV-7217, 2021 WL 6063610, at *3 (E.D.N.Y. Dec. 21, 2021) (denying as untimely pro se plaintiff's motion to reconsider which was filed twenty-six days after the order was entered); *Bennett v. Care Corr. Sol. Med. Contracted*, No. 15-CV-3746, 2017 WL 4250519, at *2 (S.D.N.Y. Sept. 25, 2017) (denying as untimely plaintiff's seven-day-late motion for reconsideration and collecting cases).

Second, Rule 60(a) does not apply. Rule 60(a) states, "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a); *Wang v. Int'l Bus. Machs. Corp.*, 839 F. App'x 643, 645 (2d Cir. 2021) (same). "Rule 60(a) 'is not meant to provide a way for parties to . . . charge errors in what a court has deliberately done.'" *PDV Sweeny, Inc. v. ConocoPhillips Co.*, No. 14-CV-5183, 2015 WL 9413880, at *2 (S.D.N.Y. Dec. 21, 2015), *aff'd*, 670 F. App'x 23 (2d Cir. 2016) (quoting *Emp'rs Mut. Cas. Co. v. Key Pharm., Inc.*, 886 F. Supp. 360, 363 (S.D.N.Y. 1995)); *see also* 11 Charles Alan Wright et al., *Federal Practice and Procedure* § 2854 (3d ed. 2012) ("Errors of a more substantial nature are to be corrected by a motion under Rules 59(e) or 60(b)."). Plaintiff does not allege any clerical error because there are none. As Defendant argues, the Court found that Plaintiff failed to establish the invalidity of the '106 Copyright because Defendant established a rebuttable presumption of the validity of the copyright; and Plaintiff failed to rebut that presumption.

Third, Rule 60(b) does not apply. Pursuant to Rule 60(b),

> [o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable

> diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(b) only applies to final judgments. *See Transaero, Inc. v. La Fuerza Aerea Boliviana*, 99 F.3d 538, 541 (2d Cir.1996) ("By its own terms, Rule 60(b) applies only to judgments that are final."). An order denying in part and granting in part the parties' motions for summary judgment is not final. *See United States v. 228 Acres of Land*, 916 F.2d 808, 811 (2d Cir. 1990) ("An order that denies summary judgment or grants partial summary judgment cannot by itself be the basis for an appeal, since it is nonfinal."); *Williams v. Cnty. of Nassau*, 779 F. Supp. 2d 276, 280 n.2 (E.D.N.Y. 2011), *aff'd*, 581 F. App'x 56 (2d Cir. 2014) (same). In addition, none of the Rule 60(b) grounds apply. Plaintiff does not argue that there is newly discovered evidence, fraud, or new law requiring reconsideration of the Court's decision.

Therefore, Plaintiff's motion is untimely under the Federal Rules of Civil Procedure and the Local Rules, and Rule 60(b) does not apply to Plaintiff's motion.

### b.   Plaintiff's motion also fails on the merits

Plaintiff argues that the March 2023 Decision is inconsistent as it relates to the parties' motions for summary judgment on Plaintiff's copyright infringement claim. In support, Plaintiff argues that because the Court found that "there is a genuine issue of material fact concerning the functional element portion of Plaintiff's motion for summary judgment," with regard to Plaintiff's copyright invalidity claim, then that means "this issue also exists concerning Defendant's motion for summary judgment on Plaintiff's copyright invalidation claim." (Pl.'s Mot. 3.) Plaintiff argues that "it is also possible that a reasonable juror could identify the product as not containing [artistic] qualities" such that its copyright invalidation claim should be allowed

5

to proceed. (*Id.* at 2–3.)

Defendant argues that Plaintiff "fails to show that the [March 2023 Decision] did not accurately reflect the Court's intent or that it is inconsistent or otherwise confusing." (Def.'s Opp'n 3.) In support, Defendant argues that the Court found that Plaintiff failed to establish the invalidity of the '106 Copyright because Defendant had established a rebuttable presumption of the validity of the copyright and Plaintiff failed to rebut that presumption. (*Id.*) Further, "[w]hen the Court turned its attention to [Defendant's motion for summary judgment], it found that [Defendant] had established it owned a valid copyright and that Plaintiff had failed to come forward with sufficient facts to rebut the validity of the copyright." (*Id.*)

In the March 2023 Decision, the Court considered whether the Defendant's work was purely functional with respect to Plaintiff's motion for summary judgment on Plaintiff's copyright invalidity claim. (Mar. 2023 Decision 11–14.) Plaintiff argued in its motion for summary judgment that when the functional elements of Defendant's work are "discounted, no independent original work of authorship with even a minimal degree of creativity exists" because all that remains are "simple geometric shapes" which are not protectible. (Pl.'s Mem. in Supp. of Mot. for Summ. J. ("Pl.'s Mem.") 12, 14, Docket Entry No. 70.) As the Court found in the March 2023 Decision, this is incorrect. The Court found that even though the functional elements of the product were disputed, that did not mean that the copyright was unoriginal. The Court concluded this on the basis that (a) there was insufficient evidence in the record demonstrating that similar sculptural works existed in the public domain at the time the '106 Copyright was registered or when the Shape Mags product first debuted in the market; (b) even if there was evidence of similarly existing works, the '106 Copyright could still be original so long as it was not copied, *see Feist Publications, Inc. v. Rural Telephone Service Co.*, 499 U.S. 340,

345 (1991) ("Originality does not signify novelty; a work may be original even though it closely resembles other works so long as the similarity is fortuitous, not the result of copying."); (c) the requisite level of creativity required to demonstrate originality is minimal, *see Acuff-Rose Music, Inc. v. Jostens, Inc.*, 155 F.3d 140, 143 (2d Cir. 1998) ("Original, as the term is used in copyright, means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity."); and (d) Plaintiff's argument that Defendant's prior existing design patent invalidated the '106 Copyright was legally wrong, *see Mechanical Plastics Corp. v. Titan Technologies, Inc.*, 823 F. Supp. 1137, 1142 (S.D.N.Y. 1993) ("A product's different aspects can be protected simultaneously by more than one of the statutory means for the protection of intellectual property.").

Plaintiff was required to rebut the presumption of originality and validity by showing both that the Defendant's product was not original and contained only functional elements. Even though the Court found there was a genuine issue of material fact regarding which elements were functional, Plaintiff failed to rebut the presumption of originality. Therefore, Defendant's product was presumptively valid and Plaintiff's motion for summary judgment on its own copyright invalidity claim failed. Defendant's motion for summary judgment on Plaintiff's copyright invalidity claim succeeded for the same reason — that Defendant's product was presumptively valid because it was original and therefore the copyright was valid. *C.f. Fonar Corp. v. Domenick*, 105 F.3d 99, 104 (2d Cir. 1997) (noting the presumption of validity may be rebutted by evidence that clearly demonstrates that plaintiff's design lacks originality).

Accordingly, Plaintiff's argument that the Court should have denied Defendant's motion for summary judgment on the copyright invalidity claim is without merit because Plaintiff had to

show more than just a material dispute regarding functionality in order to rebut the presumption of validity — it had to actually show unoriginality, which it did not for the reasons stated above.

### III. Conclusion

For the foregoing reasons, the Court denies Plaintiff's motion.

Dated: August 11, 2023
       Brooklyn, New York

SO ORDERED:

      /s/ MKB
MARGO K. BRODIE
United States District Judge